United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHELLE MCMILLAN, § § Plaintiff. § § V. § § JAMES MARQUIN LEQUANDRE, § *et al.*, § § Defendants. § | CIVIL ACTION NO. 4:22-cv-02323 |

## OPINION AND ORDER

Pending before me is Plaintiff's Motion for Leave to Amend Complaint. Dkt. 64. Having reviewed the motion, the responses, and the applicable law, I **GRANT** the motion.

## BACKGROUND

This is a personal injury case arising out of a motor vehicle accident. Plaintiff Michelle McMillan ("McMillan") originally filed suit in June 2022 against James Marquin Lequandre ("James"),[1] the driver of the vehicle that hit her, and his employer, P.A.M. Transport, Inc. ("PAM Transport"). That lawsuit, filed in state court, alleged causes of action for negligence against both James and PAM Transport. PAM Transport timely removed the case to federal court, where McMillan filed an Amended Complaint in November 2022. The Amended Complaint contained the same negligence causes of action but added a few factual allegations.

In May 2023, McMillan requested and received permission to file a Second Amended Complaint. That pleading continued to assert negligence claims against James and PAM Transport but added a cause of action for negligent entrustment

---

[1] James is named incorrectly in the live pleading. His correct name is Lequandre Marquin James. "With [her] motion, Plaintiff seeks to include the correct name in the caption." Dkt. 64 at 1 n.1.

against a new defendant: Walmart Inc. ("Walmart"). According to the Second Amended Complaint, "Walmart[—the owner of the trailer James was utilizing and the load he was transporting at the time of the accident—]knew or should have known that Defendant [James] was unlicensed, incompetent, or reckless." Dkt. 30 at 7. McMillan dismissed Walmart from the case in October 2023.

Now McMillan asks me to allow her to file a Third Amended Complaint, which would add a cause of action for gross negligence against PAM Transport. PAM Transport opposes the motion. James does not oppose the filing of a Third Amended Complaint, but he does seek to have portions of the proposed Third Amended Complaint struck for "hav[ing] no bearing on the accident made the basis of this litigation." Dkt. 65 at 2.

## ANALYSIS

The Docket Control Order in this case contains a November 4, 2022 deadline to file amended pleadings. *See* Dkt. 13 at 1. "Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quotation omitted). "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Ultimately, Rule 16(b)'s "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation omitted). In determining whether good cause has been shown, district courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010). I will evaluate each Rule 16(b)(4) factor.

With regard to the first Rule 16(b)(4) factor, McMillan has provided a sufficient explanation for not seeking to add a gross negligence claim by the

November 4, 2022 pleading deadline set forth in the Docket Control Order. McMillan contends that she could not have brought a gross negligence claim back in November 2022 because she just recently learned of the facts necessary to assert such a claim. To prevail on a gross negligence cause of action against PAM Transport, McMillan must prove by clear and convincing evidence that (1) PAM Transport's act or omission, when viewed objectively from the defendant's standpoint, involved "an extreme degree of risk, considering the probability and magnitude of the potential harm to others" and (2) PAM Transport had "actual, subjective awareness of the risk involved, but nevertheless proceed[ed] with conscious indifference to the rights, safety, or welfare of others." TEX. CIV. PRAC. & REM. CODE § 41.001(11).

According to McMillan, corporate representative depositions of PAM Transport on September 27, 2023 and November 9, 2023, along with an October 31, 2023 document production by PAM Transport, provided the evidence that allows McMillan to advance a gross negligence claim. Specifically, McMillan claims the following recently obtained evidence gives rise to a gross negligence claim against PAM Transport:

- Although James failed to complete the minimum requirements to complete PAM Transport's training program, PAM Transport allowed James, an untrained and unqualified driver, to operate a commercial motor vehicle; and

- Because James failed a pre-employment drug test, PAM Transport's policies and procedures required him to undergo a retest prior to operating a PAM Transport motor vehicle. "PAM Transport failed to retest [James] and allowed him to operate a PAM Transport truck, in violation of its policies and procedures." Dkt. 64-2 at 15–16.

To show diligence in pursuing a gross negligence claim, McMillan points out that her counsel immediately contacted PAM Transport's counsel after the November 9, 2023 corporate representative deposition to request that she be allowed to file a Third Amended Complaint advancing a gross negligence claim. On November 10, 2023, the day after the deposition concluded, McMillan filed a pre-

motion letter seeking to add a gross negligence cause of action against PAM Transport. *See* Dkt. 53. This conduct demonstrates that McMillan did not delay in seeking to amend her complaint. Accordingly, the first factor weighs in favor of allowing McMillan to amend her complaint.

As to the second factor (the importance of the amendment), McMillan convincingly argues that it is important for her "to update her pleadings to reflect what litigation has uncovered with respect to liability, which she could not have known without discovery." Dkt. 64 at 8. I agree. Accordingly, I conclude that the proposed amendment is important. The second factor weighs in favor of allowing the amendment.

The third factor addresses the potential prejudice in allowing the amendment. "A defendant is prejudiced if an added claim would require the defendant to reopen discovery and prepare a defense for a claim different from the one that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (cleaned up). There is no prejudice here. Discovery is, for all practical purposes, complete, and the discovery the parties have conducted aimed at the negligence cause of action also applies to the gross negligence claim McMillan seeks to assert. Adding a gross negligence claim does not necessitate any further discovery. The third factor thus also tilts towards granting McMillan the right to amend her complaint.

The fourth and final factor requires me to consider whether the availability of a continuance is sufficient to cure any prejudice. As explained, I do not think James or PAM Transport will suffer any prejudice. Nonetheless, to the extent James or PAM Transport faces any prejudice, I am confident that a continuance will cure such prejudice. Thus, this factor favors allowing the proposed amendment.

In sum, all four factors weigh in favor of allowing McMillan to file a Third Amended Complaint. As such, I will grant McMillan leave to file a Third Amended Complaint.

Before concluding, I have several additional points I would like to address. First, I want to be clear that, while I am giving McMillan the right to bring a gross negligence claim in a Third Amended Complaint, I am not, at this time, suggesting that there is factual support for such a claim. PAM Transport requests the opportunity to file a motion for summary judgment as to any gross negligence claim brought by McMillan, and I will grant that request. The deadline for PAM Transport to file a motion for summary judgment as to the gross negligence claim is February 9, 2024. McMillan may file a response to any summary judgment motion by March 1, 2024. PAM Transport may file a reply in support of its motion for summary judgment as to gross negligence by March 8, 2024. If any party desires oral argument, please let my case manager know, and we will promptly schedule such a hearing.

Second, I must comment on James's request that I strike certain photographs contained in the proposed Third Amended Complaint that reportedly come from his social media account. Rule 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). As a general rule, motions to strike are disfavored. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). "[P]ortions of a complaint should not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Fontaine v. Tasty Baking Co.*, No. 74-831, 1975 WL 11845, at *2 (E.D. Pa. Apr. 29, 1975) (quotation omitted). "[E]ven if the allegations are redundant or immaterial, they need not be stricken if their presence in the pleading cannot prejudice the adverse party." *Id.* (quotation omitted). James takes umbrage with photographs contained in the Third Amended Complaint that are screenshots from a TikTok video. The photos show James driving a vehicle, purportedly two days before the incident giving rise to this lawsuit. The text of the Third Amended Complaint states that "James [was] smoking and singing into the camera, while he looks away from the road, and both his hands are not on the

5

wheel." Dkt. 64-2 at 8. I will not strike the photographs. The photos and the allegations that accompany them unquestionably bear upon the subject matter of the litigation, as they arguably tend to show that James is not a safe and law-abiding driver.

## CONCLUSION

McMillan's Motion for Leave to Amend Complaint (Dkt. 64) is **GRANTED**. The Clerk of Court is instructed to file Dkt. 64-2 as Plaintiff's Third Amended Complaint and to change the style of this case to *Michelle McMillan v. Lequandre Marquin James and P.A.M. Transport, Inc.*

James and PAM Transport are ordered to file responsive pleadings to the Third Amended Complaint by January 26, 2024.

PAM Transport may file a motion for summary judgment as to the gross negligence claim contained in the Third Amended Complaint by February 9, 2024. McMillan may file a response to any summary judgment motion by March 1, 2024. PAM Transport may file a reply in support of its summary judgment motion by March 8, 2024.

SIGNED this 2nd day of January 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE